SMITH WALLACE SHOE CO. v. TERNES (two cases).

In re B. F. RICHARDSON CO.

(Circuit Court of Appeals, Eighth Circuit. July 31, 1916.)

Nos. 4589, 163.

BANKRUPTCY ☞140(1)—PROPERTY PASSING TO TRUSTEE—CONTRACT CONSTRUED.

    Bankrupt was a manufacturer of shoes, and claimant purchased his product. Bankrupt having become unable to continue his business for want of money, the parties entered into a written contract by which claimant authorized bankrupt to purchase, on its account and for it, leather, findings, and other necessary supplies to be shipped to claimant at bankrupt's factory and used in making shoes for claimant on agreed terms, the shoes to be shipped to it as completed. Title to the materials so purchased was to be and remain in claimant, and bankrupt was required to make stated reports of the amount purchased and on hand. At the time of the bankruptcy certain of such material was on hand and by agreement was used up by the trustee. *Held*, that the contract was not one of sale, conditional or otherwise, but that the material purchased thereunder was the property of claimant, which was entitled to recover from the estate the reasonable value of that on hand and used by the trustee.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ☞140(1).]

Appeal from and Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

In the matter of the B. F. Richardson Company, bankrupt; Herman Ternes, trustee. From an order denying its petition for reclamation of property, and also petition to revise such order, the Smith Wallace Shoe Company appeals. Reversed on appeal; petition to revise dismissed.

Hurd, Lenehan & Kiesel, of Dubuque, Iowa, and Brothers & Mills, of Chicago, Ill. (Louis G. Hurd, of Dubuque, Iowa, and Elmer D. Brothers, of Chicago, Ill., of counsel), for appellant and petitioner.

Brown, Lacy & Clewell, of Dubuque, Iowa (Frank R. Lacy of Dubuque, Iowa, of counsel), for appellee and respondent.

Argued before SANBORN, ADAMS, and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. This is an appeal from an order of the District Court for the Northern District of Iowa disallowing a claim of the Smith Wallace Shoe Company against the estate of B. F. Richardson, in bankruptcy.

The claimant was a wholesale dealer in shoes, doing business in Chicago, Ill., and Richardson, the bankrupt, was a manufacturer of shoes, doing business in Dubuque, Iowa. For some time prior to September 22, 1913, the claimant had been purchasing the output of Richardson's factory on terms immaterial now to state. On September 22, 1913, Richardson's financial condition having become somewhat impaired, a new deal was negotiated between them, resulting in the following agreement:

"September 22, 1913.

"Confirming our previous understanding, we authorize you to purchase for us on our account leather, findings, and other materials used in and to be used in the manufacture of shoes for us, also packing cases, boxes, and other containers, all said leather, materials, and supplies to be billed to us and shipped to us in your care at Dubuque, Iowa. Title to all said leather, findings, materials, and supplies and the finished products therefrom to remain in us until the goods are delivered to us at Chicago, Ill. You shall render us a statement on the 1st day of each month of the amount of said leather, materials, and supplies consumed the previous month and give us credit on current invoices for the same. Our discount on total invoice price to remain as heretofore. You agree to render us an inventory of all leather, materials, findings, and supplies on hand, whether in the rough or partly or completely finished, every 60 days, and oftener if we request. This agreement may be terminated on 10 days' notice by either party. Your acceptance hereof shall constitute a binding contract between us.

"[Signed]   Smith Wallace Shoe Co.,

"By Geo. D. Chandler, Vice President.

"I hereby accept the above proposition and agree to be bound by all the terms and obligations thereof.          [Signed]   B. F. Richardson Co."

Thereafter, and in 1914, Richardson was adjudged a bankrupt, and Herman Ternes was appointed trustee of his estate, having before that time been made receiver of the property of the estate by the court.

The claimant then made demand upon the trustee for possession of the leather, findings, and other materials furnished to Richardson pursuant to the contract of September 22d, then in the possession of the trustee. The claimant and the trustee thereupon entered into a stipulation to the effect that the trustee should make use of the leather, findings, and other materials then in his possession in completing work left unfinished by the bankrupt, and that the claimant should have recourse to the assets of the estate for the reasonable value thereof instead of against the property itself.

The claimant afterwards filed its petition with the referee, making a claim for $2,700 alleging that sum to be the reasonable value of the leather, findings, and other materials delivered by it to the bankrupt under the contract of September 22d, and consumed by the trustee in the process of continuing the operation of the business. Afterwards it amended its petition alleging the reasonable value of such leather, findings, and other materials to be $4,800, instead of $2,700. On issue joined, the referee heard the proof and made these, among other, findings:

"That from September 22, 1913, to the date of the adjudication of bankruptcy, the petitioner purchased materials, findings, etc., for the bankrupt, as alleged in said (its) petition to the amount of $12,074.08. That during the same period of time the bankrupt manufactured and shipped to the Smith Wallace Shoe Company, shoes to the amount of * * * $11,215.72. * * *

"That after allowing credit as provided by said contract on the invoices for goods manufactured, the bankrupt was indebted to the petitioner for the difference between $12,074.08 and $11,215.72, or $858.36.

"That as shown by the testimony introduced by the petitioner, there was on hand at the time of the bankruptcy, certain of the materials, findings, etc., which had been purchased by the petitioner, for the bankrupt, the value of which was $4,758.15. That by the terms of the contract the title to the same was in the petitioner, and it could have demanded the delivery to it of any of

the materials, findings, etc., which had not been paid for by the bankrupt as provided by the contract. * * *

"That the petitioner is entitled to receive $858.36 as the value of the materials, etc., which was on hand belonging to it at the time of the bankruptcy, and which had not been paid for as provided by the contract. * * * "

On petition for review, the District Judge heard the case, and without approving or confirming any of the findings of the referee, or making any findings of facts whatever, held that the contract of September 22, 1913, properly construed, was a contract of conditional sale by the claimant to Richardson (the bankrupt) of the leather, findings, and other materials there specified, and as it had never been acknowledged or recorded, as required by section 2905 of the Iowa Code of 1897, it afforded no security for the payment of the value of the leather, findings, and materials furnished by the claimant to the bankrupt, but amounted to an extension of credit only by the claimant to him, to be paid as manufactured shoes should be delivered to the claimant, and an order was made by the judge disallowing the sum of $858.36 allowed by the referee as a prior and superior claim against the estate of the bankrupt, and remanding the cause to the referee, with directions to allow the entire claim of the claimant as an unsecured claim only against the estate of the bankrupt.

The claimant prosecutes its appeal from that judgment to this court, assigning substantially two errors: That the trial court erred (1) in holding that the contract of September 22, 1913, evidenced a conditional sale of the property therein described by the claimant to the bankrupt; and (2) in not directing the referee to allow the entire claim as a secured claim and ordering it paid in full out of the estate in the hands of the trustee.

Does the contract of September 22, 1913, evidence a conditional sale by the Smith Wallace Shoe Company to Richardson of the property therein described? Most certainly it does not in terms obligate the Smith Wallace Shoe Company to sell anything to the bankrupt (Richardson), nor Richardson to purchase anything from the Smith Wallace Company. The contract by its terms contemplates no sale, conditional or otherwise, by the Shoe Company to Richardson.

Adopting the language of the proposition made by the Shoe Company to Richardson, which, when accepted by Richardson, constituted the entire contract, the Shoe Company said to Richardson:

"We authorize you to purchase *for us* * * * leather, etc., * * * to be used in the manufacture of shoes *for us,* * * * all said leather, etc., to be billed *to us* and shipped *to us* in your care at Dubuque, Iowa. Title * * * to remain *in us* until the goods are delivered *to us* at Chicago, Illinois."

Then follow provisions requiring Richardson to furnish the Shoe Company every 60 days, or oftener if required, an inventory of all materials on hand, whether in the rough or partly or completely finished.

In our opinion the provisions of this contract show that the parties intended no sale at all to Richardson, but, on the contrary, studiously avoided the use of any language which ordinarily is employed to con-

stitute a sale. In our opinion they most clearly contemplated the creation of an agency in Richardson to make certain purchases for the Shoe Company and thereafter to account for the property so purchased, or its manufactured product, to the Shoe Company. The ruling of the District Court that the paper constituted a conditional sale was accordingly erroneous.

As that court made no finding as to the value of claimant's property taken over and used by the trustee, and as the findings of the referee are uncertain and inconclusive on that point, and afford no criterion for ascertaining that value, we, with a view to avoiding further and protracted litigation, have carefully examined the proof in the light of the pleadings, and have reached the conclusion that a fair value of that property is $2,700.

The case is brought here both by appeal and petition to revise. As a question of fact is involved, it can be disposed of only on the appeal. The petition to revise must therefore be denied, and the judgment of the District Court is reversed on the appeal by the Shoe Company, and the cause is remanded to the District Court, with directions to allow the claimant the sum of $2,700, and order the same paid in full by the trustee.